UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:16-CR-00104-3-JRG |
| | ) | |
| KYRI NACOS | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Kyri Nacos' Pro Se Motion under 28 U.S.C. § 3582(c)(1)(A)(i) [Doc. 260], the United States' Response in Opposition [Doc. 264], Ms. Nacos' Reply [Doc. 265], and Ms. Nacos' letter [Doc. 266]. Under § 3582(c)(1)(A), Ms. Nacos, who is thirty-four years of age, moves the Court for compassionate release from prison because of the COVID-19 pandemic, citing underlying medical conditions. The United States opposes her motion, arguing that she has not met § 3582(c)(1)(A)'s mandatory exhaustion requirement and that her release would not "be consistent with U.S.S.G. § 1B1.3 and 18 U.S.C. § 3553(a)." [United States' Resp. at 7–13].

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Although § 3582(c) begins with the declaration that "[t]he court may not modify a term of imprisonment once it has been imposed," Congress enacted the First Step Act, Pub. L. No. 115-319, 132 Stat. 5194 (2018), which amended § 3582(c)(1) so that courts can consider motions for compassionate release once a defendant exhausts his administrative remedies with the Bureau of Prisons or thirty days after submitting a request to the warden:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon

motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment[.]

§ 3582(c)(1)(A). Ms. Nacos recently provided the Court with documentation showing that she has satisfied § 3582(c)(1)(A)'s exhaustion requirement, [Def.'s Letter at 3], and the Court will therefore consider her motion, *see United States v. Alam*, 960 F.3d 831, 833–36 (6th Cir. 2020) (stating that § 3582(c)(1)(A)'s exhaustion requirement is mandatory).

Ms. Nacos, however, also recently informed the Court—a matter of days ago—that she has now tested positive for COVID-19 and is in isolation and receiving treatment in prison. [Def.'s Letter at 1–2].[1] According to Ms. Nacos, her symptoms include "sevier [sic] headaches, aches and body pain, stomach issues, elevated heart rate and blood pressure, as well as discoloration of [her] toe nails." [*Id.*]. She does not state, however, that she has developed a fever, is having difficulty breathing, or is suffering from any cognitive impairment.

While the Court sympathizes with Ms. Nacos' concerns, as well as her condition, her positive test for COVID-19 now renders her motion moot. *See United States v. Davis*, No. 06-20020-002, 2020 WL 2395977, at *2 (C.D. Ill. May 12, 2020) (concluding that the prisoner's motion for compassionate release was moot because he had contracted COVID-19 and was receiving healthcare in prison); *United States v. Bogdanoff*, No. 12-CR-0190-1, 2020 WL 2307315, at *5 (E.D. Pa. May 8, 2020) (stating that the court could not conclude that a seventy-three-year-old prisoner "would be made safer by his immediate transfer to home confinement" because he had already contracted COVID-19 and was receiving treatment in prison (citation

---

[1] Although Ms. Nacos does not characterize the Bureau of Prison's medical care in the most favorable terms, she does not go so far to say that it is inadequate or that the Bureau of Prisons is incapable of caring for her. [Def.'s Letter at 1].

omitted)); *United States v. Russo*, ___ F. Supp. 3d ___, Crim. No. 16-441 (LJL), 2020 WL 1862294, at *8 (S.D.N.Y. Apr. 14, 2020) (denying a motion for compassionate release because the at-risk prisoner had already contracted COVID-19 and was receiving regular evaluation and care from the Bureau of Prisons).

In any case, the Court can order compassionate release only if it were to determine that Ms. Nacos "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2); *see* § 3582(c)(1)(A) (providing that "[t]he court may not modify a term of imprisonment once it has been imposed except that . . . such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"); *see also United States v. Coker*, No. 3:14- CR-085, 2020 WL 1877800, at *3 (E.D. Tenn. Apr. 15, 2020) ("[C]ourts have universally turned to USSG § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." (quotation omitted)); *United States v. Resnick*, ___ F. Supp. 3d ___, 2020 WL 1651508, at *2 (S.D.N.Y. Apr. 2, 2020) ("The First Step Act did not amend the eligibility requirements for compassionate release, which are set forth in 18 U.S.C. § 3582(c)(l)(A) and Section 1B1.13 of the United States Sentencing Guidelines.").

In light of the fact that Ms. Nacos has now contracted COVID-19, the Court is simply unable to conclude that, as a carrier of COVID-19, she would not pose a danger to the safety of the community if the Court were to order her release. In recognition of the Center of Disease Control's guidelines, the Court is not at all inclined to release Ms. Nacos, who ought to remain in strict isolation until she no longer tests positive for COVID-19. *See Davis*, 2020 WL 2395977 at *2 ("[T]he Court finds that releasing [the defendant] into the community while he has COVID-19 is a danger to the safety of the community."); *United States v. Avenatti*, No. 8:19-CR-00061,

at 2 (C.D. Cal. Apr. 10, 2020), Doc. No. 140 (PACER) (granting the defendant's request for temporary release to home confinement but with the caveat that "[i]f the defendant is found to be exhibiting symptoms consistent with COVID-19 or is confirmed to have COVID-19, the defendant shall not be released to the public because of the danger the defendant poses to the community").

Again, while the Court sympathizes with Ms. Nacos' concerns and her condition, she is not entitled to compassionate release under § 3582(c)(1)(A) at this time. Her Motion under 28 U.S.C. § 3582(c)(1)(A)(i) [Doc. 260] is therefore **DENIED without prejudice**. Ms. Nacos has leave of the Court to renew her motion if her condition deteriorates, if the Bureau of Prison's ability to care for her changes, or if any other noteworthy changes in circumstances arise.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE